UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONYA GARNETT and ERIC B.
GARNETT,

    Plaintiffs,

v.                                            Case No: 8:14-cv-1105-T-36MAP

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Count II of the Amended Complaint (Doc. 10). In the motion, Defendant argues that Plaintiffs have failed to state a claim under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss Count II of the Amended Complaint.

## I.    *Factual Allegations[1]*

Plaintiffs purchased a policy of insurance from Defendant to cover their home, located at 5802 Driftwood Drive, Winter Haven, Florida. Doc. 2 at ¶¶ 1-4. Among other things, the policy covers Plaintiffs' home in the event of a "sinkhole loss." *Id.* at ¶ 5. On December 20, 2012, Plaintiffs' home was damaged as a result of sinkhole activity. *Id.* at ¶ 8. Plaintiffs reported the loss to the Defendant and the home was inspected by SDII Global Corporation, a geotechnical and

---

[1] The following statement of facts is derived from Plaintiff's Amended Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

engineering firm. *Id.* at ¶¶ 9-10. In June of 2013, SDII issued a written report concluding that "structural damage" did not exist at Plaintiffs' home. *Id.* at ¶¶ 11-12. On July 3, 2013, Defendant sent Plaintiffs a coverage denial letter indicating that their policy only covered structural damage resulting from sinkhole activity. *Id.* at ¶¶ 13-14.

Plaintiffs then retained a structural engineering firm, Billerreeinhart Structural Group ("BSG") to conduct a second inspection of the property. *Id.* at ¶ 15. On November 7, 2013, BSG issued a written report concluding that structural damage did exist, as a result of differential settlement. *Id.* at ¶ 16. Plaintiffs then retained N.S. Nettles & Associates, Inc. ("Nettles") a geotechnical company, to investigate the property. *Id.* at ¶ 17. Nettles opined that the damage to Plaintiffs' property was the result of sinkhole activity. *Id.* at ¶ 18. Still, Defendant has not provided coverage for the loss. *Id.* at ¶ 21. Plaintiffs allege that Defendant failed to properly investigate the loss and erroneously denied coverage to Plaintiffs for the sinkhole damage to their home. *Id.* at ¶¶ 19-23. Thus, Plaintiffs bring this action for breach of contract and declaratory relief.

## II.     *Standard of Review*

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient. *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

2

### III.  Discussion

Count II of Plaintiffs' Amended Complaint arises under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011 ("the Act"). Specifically, Plaintiffs are seeking declaratory relief with regard to their rights under their insurance contract with Defendant as to coverage and repairs. *See* Doc. 2, ¶¶ 42, 47. This court has been presented with this same argument before and has repeatedly held that, pursuant to *Higgins v. State Farm Fire & Casualty Co.,* 894 So. 2d 5 (Fla. 2005), such a claim may go forward under the Act. *See Holiday Plumbing Supplies, Inc. v. Am. Econ. Ins. Co.,* Case No. 8:12-cv-1974-T-30EAJ, 2013 U.S. Dist. LEXIS 78275 (M.D. Fla. June 4, 2013); *Powers v. Hartford Ins. Co. of the Midwest*, Case No. 8:10-cv-1279-T-24 AEP, 2010 U.S. Dist. LEXIS 74078 (M.D. Fla. July 22, 2010).  Here, Plaintiffs adequately allege a claim upon which relief can be granted.  Accordingly, it is hereby

**ORDERED**:

1.  Defendant's Motion to Dismiss Count II of the Amended Complaint (Doc. 10) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on July 22, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

3